*Jas. S. Pirtle, for appellee.*

[Cited, *Dunevant v. Radford's Admr.,* 140 Ky. 433, 131 S. W. 185.]

---

LOUISVILLE & N. R. CO. *v.* MCCOY.

**Contributory Negligence.**

> The neglect amounting to contributory fault in law, may be either wilful, gross, ordinary or slight, but whatever may be its de-

gree, to prevent recovery it must contribute to the production of the injury to such extent that it would not otherwise have happened.

## APPEAL FROM JEFFERSON CIRCUIT COURT.

December 8, 1883.

Petition for Rehearing.

RESPONSE BY JUDGE HARGIS:

The instruction on ordinary care must have been intended to apply to the conduct of the appellant, for there are no degrees in contributory negligence which must be such in all cases that but for its existence the injury would not have happened. The neglect, amounting to contributory fault in law may be either wilful, gross, ordinary or slight; but whatever may be its degree it must contribute to the production of the injury to such extent that it would not otherwise have happened.

There was no necessity for any instruction on the different degrees that may have characterized appellee's alleged contributory fault, and we can not presume in the absence of information by the record that the court intended the instruction to apply to appellee when there was no necessity for it, rather than to the appellant, the issue upon whose conduct called for a correct definition of ordinary care.

Nor can we speculate as to whether the erroneous instruction upon ordinary care had more weight in behalf of appellee than the instruction on gross neglect produced for appellant. Such a rule would be too uncertain for judicial action and expressly hazardous in ascertaining the correctness and grounds of the verdict of a jury.

The petition for a rehearing is therefore *overruled*.

*Wm. Lindsay, for appellant.*

*Kinney & Kinney, for appellee.*

[See original case, *Louisville & N. R. Co. v. McCoy,* 81 Ky. 403, 5 Ky. L. 397.]